# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHOKEE A CLEVELAND,
        Plaintiff,

    v.                                      Case No. 10C0120

CATHERINE K GRIFFIN,
        Defendant.

## ORDER

Pro se plaintiff Shokee Cleveland brings this civil rights complaint against his mother-in-law, Catherine Griffin, for allegedly firing him in retaliation for divorcing her daughter. Plaintiff alleges that he was a maintenance worker at St. Vincent DePaul Society and that Griffin was the general manager of its thrift store. He claims that Griffin harassed and falsely accused him of stealing from an after hours delivery. He alleges that she then ordered the assistant manager to fire him. After he presented a right to sue letter from the U.S. Equal Employment Opportunity Commission to the corporate office, he alleges that Griffin called the police and as a result he was sent to a halfway house during the investigation of the theft.

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, Nietzke v. Williams, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated. See Floyd v. United States Postal Serv., 105 F .3d 274, 275-77 (6th Cir.1997). Here, the

heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. See West v. Macht, 986 F .Supp. 1141 (W.D. Wis.1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915. Thus, I will permit plaintiff to proceed without payment of fees. However, as explained below, this action will be dismissed for failure to state a claim upon which relief may be granted.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status. Rowe v. Shake, 196 F.3d 7 783, 781 (7th Cir.1999). The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted. Id.; 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). I accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). If the complaint pleads facts that show that plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson v. Washington, 362 F.3d 969, 970 (7th Cir. 2004).

Plaintiff has failed to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege: 1) that he was deprived of a

right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Plaintiff's allegations establish that Griffin is not a state actor. He has not made any allegation that Griffin acted under color of state law, nor has he identified any right she deprived him of.  As a result, his § 1983 claim fails.

To the extent plaintiff attempts to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, he has failed to state a claim.  There can be no individual or supervisory liability against Griffin under Title VII. Sattar v. Motorola, Inc., 138 F.3d 1164, 1168 (7th Cir. 1998) (supervisor acting in individual capacity does not fall within Title VII's definition of employer).

For the reasons stated,

**IT IS ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 7 day of May, 2010.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:10-cv-00120-LA   Filed 05/10/10   Page 3 of 3   Document 4